No. **WR-CV-405-88**

# District Court of the Navajo Nation

Judicial District of Window Rock, Arizona

---

**Kim S. Denny, Plaintiff,**

v.

**Winifred Brown, Guardian of the Estates of**
**Morgan Denny, Jr. and Michelle Denny, Defendant.**
**Decided August 16, 1989**

---

## OPINION AND ORDER

Louis Denetsosie, Hale and Denetsosie Law Firm, counsel for Plaintiff.

Patrice M. Horstman, Hufford, Horstman, McCullough and Mongini, P.C., counsel for Defendant.

Judge Robert Yazzie Presiding.

## Introduction

Plaintiff Kim Denny claims entitlement to the life insurance proceeds of decedent Morgan Denny, Sr. by virtue of her legal status as his spouse. Defendant Winifred Brown is the mother and guardian of the estate of Morgan Denny, Jr., the son and sole named beneficiary of the life insurance policy of the decedent.

Defendant's Motion to Dismiss raises the following questions:

1. For purposes of civil jurisdiction, is Defendant a resident of the Navajo Nation or has she caused an action to occur within the Navajo Nation?

2. Has Plaintiff's complaint stated a cause of action upon which relief may be granted?

3. Does the state court judgment relative to the issues raised in the complaint bar this suit?

4. Has Plaintiff failed to join an indispensable party under Rule 8, Rules of Navajo Civil Procedure?

## Facts

Winifred Brown, an enrolled member of the Navajo Nation, resided on the reservation until she was eight years old. She was then placed in an off-reservation foster home. Since that time she has only returned to the reservation for temporary stays. In August, 1983, Ms. Brown moved to Gallup, New Mexico where she met the decedent. They stayed at her mother's home on the reservation in Lupton, Arizona until early 1984. Decedent then found work near Page, Arizona, where he and Ms. Brown moved. Their children were born in Page and they

resided there until February, 1987 when they separated. Defendant then returned to her mother's home where she stayed until moving to Utah in January, 1988.

Although residing off the reservation in Page, the decedent was employed by the Salt River Project on the Navajo Reservation. The insurance policy in question arose from this employment. Mr. Denny named his son, Morgan Denny, Jr, as sole beneficiary of the policy.

Morgan Denny, Sr. died September 4, 1987. Defendant was then contacted by the insurance company and informed that because Morgan Denny, Jr. was a minor, she would have to be appointed as his guardian before the proceeds of the policy could be disbursed.

On or about January 14, 1988, Winifred Brown was appointed guardian and conservator of Morgan Denny, Jr. For more than six months prior to the decedent's death, until the Defendant was appointed as guardian for Morgan Denny, Jr., both the defendant and Morgan Denny, Jr. lived with Ms. Brown's mother on the reservation.

## ISSUE I: FOR PURPOSES OF CIVIL JURISDICTION, IS DEFENDANT A RESIDENT OF THE NAVAJO NATION, OR HAS SHE CAUSED AN ACTION TO OCCUR WITHIN THE NAVAJO NATION?

Seven N.T.C. Section 253(2) provides that the District Courts of the Navajo Nation shall have original jurisdiction over all civil actions in which the defendant is a resident of Navajo Indian Country, or has caused an action to occur within the territorial jurisdiction of the Navajo Nation.

## A) IS DEFENDANT A RESIDENT OF THE NAVAJO NATION FOR THE PURPOSE OF JURISDICTION?

Plaintiff relies on *Yazzie v. Wyaco*, 1 Nav. R. 134, in arguing this court has jurisdiction by virtue of Defendant's residency. In *Yazzie*, the defendant was ruled a domiciliary of the Navajo Nation despite his temporary absence while attending college off the reservation. This was because intent is essential in determining a person's domicile. Wyaco was born and lived most of his life on the reservation. He received financial assistance from the Navajo Nation while attending college and he returned for employment. Despite his temporary absence, his actions clearly established that the Navajo Nation was his true and permanent home.

Such circumstances do not exist here. Defendant had been residing in Utah for approximately nine months prior to the filing of this suit. In addition to being employed off the reservation, she also purchased and furnished a home, connected utilities, opened banking accounts and registered her automobile outside of Navajo Indian Country during this time.

Winifred Brown has resided primarily off the reservation since she was eight years old. Her returns have all been temporary stays with her mother. She has never worked or established a home on the reservation away from her mother's.

Her most extended stay was from February, 1987 through January, 1988, after she separated from the decedent. Her mother described this stay as "off and on." She also stated the defendant did not like the reservation and wanted to raise her children in Utah.

Winifred Brown lives outside Navajo Indian Country. Both her actions and her stated intent indicate she will continue to do so for the foreseeable future. Nothing in the record establishes that she either is or considers herself to be a domiciliary of the Navajo Nation. Thus, she cannot be considered a domiciliary of the Navajo Nation for purposes of jurisdiction.

## B) HAS DEFENDANT CAUSED AN ACTION TO OCCUR WITHIN THE TERRITORIAL JURISDICTION OF THE NAVAJO NATION?

The second prong of 7 N.T.C section 253(2) provides that Navajo courts have jurisdiction when a defendant causes an "action to occur within the territorial jurisdiction of the Navajo Nation." The Navajo Nation Supreme Court has interpreted this provision broadly. In *Deal v. Blatchford*, 3 Nav. R. 159 (1982), it held:

> [T]ribal courts are courts of general jurisdiction.... As courts of general jurisdiction, the Navajo courts exercise all jurisdiction which is not forbidden to them. Therefore, we will exercise general civil jurisdiction over all matters arising within the Navajo Nation. *Id.* at 161.

Defendant asserts none of the acts or omissions in Plaintiff's complaint took place on or arose within the territorial jurisdiction of this court. She supports this by arguing the insurance policies were purchased from an off reservation company; her dealings with the insurance company took place entirely outside the reservation; the proceeds of the policy were invested outside of the reservation; and all judicial determinations and appointments to date have been made in state court.

There are major flaws with these arguments. First, while the life insurance company may be based off the reservation, the policy was a direct benefit of Mr. Denny's employment on the reservation. He entered into the policy on the reservation, he paid for the policy with wages earned on the reservation, and the policy arose directly from his employment on the reservation. Secondly, while Defendant argues her dealings with the insurance company took place entirely off the reservation, this is not the case. The record clearly establishes that both the defendant and Morgan Denny, Jr. were residing on the reservation with Winifred Brown's mother when Morgan Denny, Sr. died. This was also the case when Defendant was contacted by the insurance company and informed she would have to be appointed guardian before the funds could be disbursed. Defendant was also residing on the reservation when she filed to be appointed guardian and conservator for Morgan Denny, Jr. and when she was actually appointed as such.

Finally, while the Defendant performed the physical act of filing the Petition for Guardianship and Conservatorship with the Arizona Court, the judgment that

followed affected Plaintiff's property rights within the Navajo Nation. Thus, It cannot be said this action had no connection with the reservation.

Indian tribes are not constrained by the Bills of Rights in the United States Constitution. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978); *Talton v. Mayes*, 163 U.S. 376 (1985). Therefore, the "minimum contacts" test for jurisdiction which has been established by the United States Supreme Court is not binding upon us. However, both the Indian Civil Rights Act (ICRA), 25 U.S.C. Section 1302(8), and the Navajo Bill of Rights (NBR), 1 N.T.C. section 3, require that parties must be given due process. In *Billie v. Abbott*, 6 Nav. R. 66 (1988), the Navajo Nation Supreme Court considered "minimum contacts" in determining whether jurisdiction was fair. Minimum contacts have also been mentioned in Navajo District Court. See *Peterson v. Ford Motor Credit Co.*, 2 Nav. R. 36 (Crownpoint District Court 1979).

Here, Defendant was cohabitating with the decedent while he was employed on the reservation and the life insurance policy in question arose directly from this employment. She was also residing on the reservation when the decedent died, when she was contacted by the insurance company, when she filed to be appointed guardian for Morgan Denny, Jr. and when she was actually appointed such. Additionally, when Defendant was appointed guardian for Morgan Denny, Jr., it affected Plaintiff's property rights within the Navajo Nation.

These contacts are sufficient to satisfy the due process requirements of the ICRA and the NBR. Thus, this court is vested with jurisdiction.

### ISSUE II: HAS PLAINTIFF STATED A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED?

Plaintiff asserts she has a cause of action based upon Defendant's duty to inform her of the existence of the insurance policy, Defendant's submission of the claim to the Insurance company, and payment of the policy proceeds to Defendant. She also argues Defendant had a duty to pay her one-half the proceeds of the insurance policy. Plaintiff contends Winifred Brown violated these duties by not notifying Plaintiff of her share and paying it to her.

Plaintiff does not cite any statutes, case law or other authority to support these allegations and none are readily apparent to the court. The court is not aware of any cause of action arising from these alleged "duties." No cause of action upon which relief may be granted has been stated here.

Plaintiff also suggests that because her rights in Arizona courts are different from those in Navajo courts, the Defendant may have committed a tort by filing for guardianship and conservatorship of Morgan Denny, Jr. in Arizona Superior Court. As with the previous argument, no support or precedent is provided for this contention.

Although Plaintiff's rights in Arizona courts are different from those in Navajo courts, the fact that Defendant filed the Petition for Guardianship and Conservatorship in Arizona Superior Court does not constitute a tort. It is not a

cause of action upon which relief may be granted.

## CONCLUSION

No cause of action upon which relief may be granted has been raised by the Plaintiff. Consequently, Defendant's Motion to Dismiss is hereby GRANTED. However, because Navajo courts do have jurisdiction in this case and the Navajo Nation does have an interest in seeing that the property rights of its residents are protected, this Motion is being GRANTED WITHOUT PREJUDICE. If Plaintiff knows of a valid cause of action which was not included in the original complaint, she has leave to amend the complaint to make it acceptable.

Because Plaintiff has failed to state a cause of action upon which relief may be granted, this court will not examine the other issues raised in the motion to dismiss. Therefore, the questions of whether Plaintiff has failed to join an indispensable party under Rule 8, Rules of Navajo Civil Procedure, and whether the suit should be barred because there is a valid state court judgment relative to the issue raised in the complaint will not be considered.

## ORDER

Defendant's motion to dismiss is hereby GRANTED WITHOUT PREJUDICE for reasons stated herein.